IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ I. SANTIAGO-COSME,<br><br>Petitioner,excep<br><br>v.<br><br>GLIDEN MALDONADO-RUIZ, et al.,<br><br>Respondents. | **Civil No.** 16-2927(DRD) |

## OPINION AND ORDER

### BACKGROUND

On December 11, 2006, the Puerto Rico Ponce Court of First Instance convicted *Pro se* Petitioner José I. Santiago-Cosme ("Petitioner" or "Santiago") of: (i) one count of manufacture, importation, sale and distribution of weapons pursuant to article 5.01 of the Puerto Rico Weapons Act of 2000 (the "Weapons Act"), P.R. Laws Ann. Tit. 25, § 458 (2004), (ii) one count of carrying and using firearms without a license pursuant to article 5.04 of the Weapons Act, P.R. Laws Ann. Tit. 25, § 458c (2007), and (iii) one count of illegal possession of ammunition pursuant to article 6.01 of the Weapons Act, P.R. Laws Ann. Tit. 25, § 459 (2002). *See* Docket No. 3. The Puerto Rico Ponce Court of First Instance sentenced the Petitioner to forty eight (48) years in prison. *Id.*

The Petitioner appealed the judgment of conviction to the Puerto Rico Court of Appeals. *Id.* On March 18, 2008, the Puerto Rico Court of Appeals affirmed the decision of the Court of First Instance. *Id.* The Petitioner sought further review by filing a petition for *certiorari* before the Puerto Rico Supreme Court. *Id.* Nonetheless, the Puerto Rico Supreme Court notified Petitioner that his petition had been denied on August 11, 2008. *See* Docket No. 23, Exhibit No. 1. Finally, the Petitioner filed a motion for reconsideration

1

before the Puerto Rico Supreme Court, which was denied on September 19, 2008 and notified to the parties on September 25, 2008.

On November 4, 2016, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 contesting the conviction of the Court of First Instance by alleging that: (i) the United States Constitution declares that possessing and carrying a weapon is a fundamental right that cannot be infringed, (ii) the Weapons Act infringes the Petitioner's fundamental constitutional right of possessing and carrying a firearm, and (iii) the Petitioner's right is guaranteed by the United States Constitution. *See* Docket No. 3.

On August 17, 2017, respondents Hon. Wanda Vázquez-Garced, Hon. Erik Rolón-Suárez, Jose Diversé-Ayala, Noé Lugo-Rivera and Gliden Maldonado-Ruiz ("Respondents") filed a *Motion to Dismiss* arguing Santiago's habeas petition should be dismissed because the petition failed to name the proper respondent, the Petitioner did not exhaust state court remedies, and the petition is time bared. *See* Docket No. 23. To this date, no reply has been filed.

For the reasons elucidated below, the Court **GRANTS** Respondents' *motion to dismiss*.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a petition for writ of *habeas corpus* may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under the AEDPA, "we are typically required to accord substantial deference to a state court's decision on the merits." *Jackson v. Marshall*, 864 F.3d 1, 9 (1st Cir. 2017). If a claim was "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), the Court may grant habeas relief on that claim only if the state adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1)), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). In fact, "[o]nly when a petitioner's claims are exhausted in state court but the state

court fails to consider them on the merits or resolve them on adequate and independent state law grounds do we review them de novo." *Jackson*, 864 F.3d at 9 (citing *Jenkins v. Bergeron*, 824 F.3d 148, 152 (1st Cir. 2016)).

Petitioner is a *pro se* litigant. As such, the Court affords his pleadings special consideration when evaluating Respondents' motion to dismiss. Specifically, courts are considerate of the obstacles that *pro se* litigants face, and while such litigants are not exempt from procedural rules, the allegations set forth in a pro se complaint are "[held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, (1972); *see also Dutil v. Murphy*, 550 F.3d 154, 158–59 (1st Cir. 2008) (citing *Boivin v. Black,* 225 F.3d 36, 43 (1st Cir.2000)).

## ANALYSIS

### A. Statute of Limitations

Respondents allege in their motion to dismiss that this Court should dismiss Santiago's habeas petition with prejudice because the petition is time-barred. This Court finds that Santiago's habeas petition is time bared because the same was filed more than seven years after the limitations period expired.

The federal habeas statute upon which the Petitioner seeks relief provides a one-year statute of limitations, which runs from the latest of:

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d) (1) (A), (B), (C), and (D).

In 2012, the U.S. Supreme Court in *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) interpreted 28 U.S.C. 2244(d) (1) (A) and found that each of the two prongs of the section refers to a "distinct category of petitioners". First, for petitioners who seek review all the way to the United States Supreme Court, the judgment becomes final at the "conclusion of direct review", this is when the Supreme Court affirms a conviction on the merits or denies a petition for certiorari. *Id.* For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review", this is when the period for pursuing direct review in the Supreme Court, or in state court, expires. *Id*.

In the present case, the Puerto Rico Ponce Court of First Instance convicted the Petitioner on December 11, 2006. *See* Docket No. 3. The Petitioner sought review of his conviction by filing an appeal before the Puerto Rico Court of Appeals, which was denied on March 18, 2008. *Id*. The Petitioner then proceeded to file a petition for *certiorari* before the Puerto Rico Supreme Court, which was denied on August 8, 2008 and notified to the parties on August 11, 2008. *See* Docket No. 23, Exhibit 1. Lastly, the Petitioner filed a motion for reconsideration before the Puerto Rico Supreme Court, which was also denied on September 19, 2008 and notified to the parties on September 25, 2008. *Id*. Therefore, the state court's judgement was final as on or around September 25, 2008. Consequently, the one year limitations period expired on September 25, 2009. The record shows, however, that the Petitioner filed his habeas petition on November 4, 2016, more than seven years after the limitations period had expired. Thus, the Petitioners claim is time-bared and dismissal with prejudice of his petition is warranted.

**B. Improper Respondent**

Second, in moving to dismiss Santiago's habeas petition, Respondents also argue that Santiago has failed to name the proper respondent in his petition. For the reasons set forth below, the Court concludes that Santiago's habeas petition is improper because certain respondents in this case do not have immediate custody over the Petitioner.

4

The federal habeas statute expressly provides that an application for writ of habeas corpus shall allege "the name of the person who has custody over him by virtue of what claim or authority, if known". 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). As the United States Supreme Court explained, "the consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition". *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Generally, the custodian with the ability to produce the prisoner's body before the habeas court is the only proper respondent to a prisoner's habeas petition. *Id.* at 427. Moreover, "…the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435 (quoting *Hogan v. Hanks*, 97 F.3d 189, 190 (C.A.7 1996), *Brittingham v. United States*, 982 F.2d 378, 379 (C.A.9 1992); *Blango v. Thornburgh*, 942 F.2d 1487, 1491-1492 (C.A.10 1991) (per curiam); *Brennan v. Cunningham*, 813 F.2d 1, 12 (C.A.1 1987); *Guerra v. Meese*, 786 F.2d 414, 416 (C.A.D.C.1986) (per curiam); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (C.A.2 1976); *Sanders v. Bennett*, 148 F.2d 19, 20 (C.A.D.C.1945); *Jones v. Biddle*, 131 F.2d 853, 854 (C.A.8 1942)). Therefore, the applicable federal habeas statute clearly provides that the proper respondent to a habeas petition is the person who **holds** the prisoner claiming to be under unlawful custody.

In the present case, the Petitioner was accused by the Puerto Rico government, sentenced by the local court, and is under custody of the local prison system in Ponce. *See* Docket No. 3. Respondents allege in their motion to dismiss that Vázquez-Garced, Rolón-Suárez, Diversé-Ayala and Lugo-Rivera are not the persons who have immediate custody of the Petitioner. This fact was not opposed by the Petitioner. Moreover, from the facts alleged in Santiago's petition, which are assumed to be true for purposes of adjudicating Respondents' motion to dismiss, the Court cannot determine who is the immediate custodian

of the Petitioner.[1] *See* Docket 3 at p. 1. Therefore, Santiago's habeas petition fails to name as respondent the person who has custody of him, and as a result the petition warrants dismissal.[2]

## C. Exhaustion of State Court Remedies

Finally, Respondents argue in their motion to dismiss that Santiago's habeas corpus petition has failed to exhaust the available State Court remedies. The Court concludes that the Petitioner has not satisfied the exhaustion requirement necessary to seek habeas corpus before federal court for any of the claims presented in his petition.

Section 28 U.S.C. § 2254(b)(1)(A) explicitly provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- the applicant has exhausted the remedies available in the courts of the State". 28 U.S.C. § 2254(b) (1) (A); s*ee also O'Sullivan v. Boerckel,* 526 U.S. 838, 839, (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In *Baldwin v. Reese,* 541 U.S. 27, 32, (2004), the Supreme Court ruled that a claim cannot be exhausted if it is not presented directly to the state's highest court. *See also Delgado v. Martinez,* 72 F.Supp.2d 2, 4 (1999). Moreover, a petitioner for federal *habeas* review must present claims to the state supreme court irrespective of whether said court's review is discretionary. *O'Sullivan,* 526 U.S. at 839. Based on the foregoing, a "*habeas* petitioner has to avail himself, not only of whatever appeals he was

---

[1] Santiago's application for writ of habeas corpus lists the name of Gliden Maldonado-Ruiz in the blank for "Warden, Superintendent, Jailor or Authorized Person Having Custody of Petitioner". *See* Docket No. 3 at p. 1. However, Santiago also lists the name of Glidden Maldonado Ruiz on the right side column along with the names of other respondents that do not have immediate custody over him. *Id.* For this reason, the Court cannot readily determine the role of Gliden Maldonado-Ruiz from the face of the petition and whether he is the warden of the facility where the Petitioner is held.

[2] The court sympathizes with Petitioner and the proper respondent rule, but it does not have to decide its applicability at this time considering the case should nevertheless be dismissed for being time-bared.

entitled to as a matter of right, but also as to any discretionary remedies available." *Marin–Robles v. Del Valle,* No. 03–2247, 2005 WL 290157, *3, 2005 U.S. Dist. LEXIS 1800, *8–9 (D.P.R. January 31, 2005).

The Puerto Rico statute regulating proceedings for habeas corpus establishes that a petitioner must exhaust the remedy provided by Local Rule 192.1 of the Rules of Criminal Procedure as a prerequisite to filling a writ of habeas. P.R. Laws Ann. Tit. 34 § 1741. Specifically, the statute provides that "[n]o judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 of the Rules of Criminal Procedure." *Id*. As such, a petitioner must first seek post-conviction relief under Rule 192.1, which provides that "[a]ny person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because: (1) The sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States" may file a motion on said grounds requesting the court to vacate and set aside the judgement, or the court may render a new judgment, or shall grant a new trial, as it may deem proper. P.R. Laws Ann. Tit. 34, Ap. II, § 192.1. Subsequently, the order entered by Court of First Instance regarding the Rule 192.1 motion is appealable to the Puerto Rico Court of Appeals, and finally to the Puerto Rico Supreme Court. Once this state court remedy is exhausted, the prisoner must file a writ of habeas in state court pursuant to P.R. Laws Ann. Tit. 34 § 1741 before filing a habeas petition in federal court. *O'Sullivan,* 526 U.S. at 845 (concluding state prisoners must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process). In sum, in order to file a federal petition for writ of habeas corpus under 28 U.S.C. § 2254(a), the petitioner must have exhausted state court remedies consisting of filing post-conviction motions before the Puerto Rico Court of First Instance, and subsequently filing a state habeas corpus petition. *Adelson v. DiPaola*, 131 F.3d 259, 264 (1st Cir. 1997).

In the present case, Santiago specified in his petition that he appealed his conviction to the Puerto Rico Court of Appeals and subsequently to the Puerto Rico Supreme Court. *See* Docket No. 3 at p. 4. In responding to the question in the petition of whether he has filed any petitions, applications, or motions with respect to this judgement in any court, state or federal, Petitioner did not allege that a Rule 192.1 motion was filed or state habeas corpus. *See* Docket No. 3 at p. 5. As a result, this Court finds that despite having appealed and requested reconsideration of his conviction all the way to the Puerto Rico Supreme Court, the Petitioner has not shown that he filed either a Rule 192.1 motion or a state habeas corpus petition. Therefore, this Court does not have jurisdiction over the present case. Additionally, the Petitioner has not opposed Respondents' motion to dismiss nor shown any reason for exempting him from the exhaustion requirement. Consequently, this Court must dismiss the habeas corpus petition or failure to exhaust state court remedies.

## CONCLUSION

The Court dismisses with prejudice the Petitioner's claim under 28 U.S.C. § 2254 because the statute of limitations expired more than seven years before the Petitioner filed his writ of habeas corpus before this Court. Additionally, the Court finds that the Petitioner failed to name the proper respondent as the Court cannot readily determine from the face of the petition who is the person who has custody of him, thus further warranting dismissal. Lastly, the Petitioner failed to exhaust state court remedies because he did present a habeas petition before state court. Based on the foregoing, the Respondent's motion to dismiss is **GRANTED**, Petitioner's motion under section 2254 is **DENIED**, and the instant case is **DISMISSED** with prejudice. Judgment to be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September, 2017.

*s/ Daniel R. Dominguez*
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE